**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Diane More, | No. CV-22-00399-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Mayo Hospital, et al., | |
| Defendants. | |

Plaintiff Pamela More sues Mayo Clinic, Mayo Clinic Arizona, and Rachel Lindor, M.D. (collectively "Defendants") for medical negligence. The Court dismissed Ms. More's complaint with leave to amend. Defendants now move to dismiss Ms. More's Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim. The Court will dismiss this case for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, which is defined by the United States Constitution and federal law. This Court has jurisdiction to hear cases arising under the Constitution and federal law. 28 U.S.C. § 1331. Federal jurisdiction extends to cases arising under state law only where there is complete diversity of the parties, and the statutory amount-in-controversy is satisfied. 28 U.S.C. § 1332(a)(1). This means that nobody on the defendants' side of the case can be a resident of the same state as anyone on the plaintiffs' side of the case. *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Ms. More's Amended Complaint asserts claims for medical negligence. That is, she claims that Defendants misdiagnosed her medical condition and, as a result, she suffered

monetary damage, physical pain and suffering, and mental anguish. A claim for medical negligence is an Arizona state-law claim, not a claim arising under the Constitution or laws of the United States Constitution.

Because her claim arises under Arizona law, federal court jurisdiction can only exist if there is complete diversity of the parties. But that is not the case here, as Ms. More sues Dr. Lindor, who, according to the Amended Complaint, is an Arizona resident. Mayo Clinic Arizona, the treating hospital, is also an Arizona resident. Thus, two defendants reside in the same state as Ms. More. This alignment defeats diversity jurisdiction.

This Court finds that it lacks jurisdiction to adjudicate Ms. More's case. Her Amended Complaint must be dismissed.

The Court declines to provide Ms. More with an opportunity to amend her complaint once again. The original complaint was dismissed by the Court at the June 21, 2023, status conference. The Court explained on the record that, to be in federal court, the complaint must demonstrate the basis of federal subject matter jurisdiction. The Amended Complaint failed to cure the defect. Instead, it makes clear that Ms. More wishes to pursue an Arizona state-law claim for medical negligence against the hospital and a doctor, both being Arizona residents. The Court therefore finds that no further amendments will cure the jurisdictional defect.

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 34) is **granted** for lack of subject matter jurisdiction. The Amended Complaint is dismissed without prejudice.

2. Defendants' later-filed Motion to Dismiss (Doc. 40) is **denied as moot**.

3. The Clerk of Court is instructed to enter judgment of dismissal without prejudice in Defendants' favor and close this case.

Dated this 1st day of September, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge